**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOSE PULIDO, on behalf of himself and all other similarly situated persons, known and unknown, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08 C 701 |
| | ) |
| KELLYKNOT DRYWALL, INC., and LARRY ELLIOT, individually, | ) ) |
| | ) |
| Defendants. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendants, Kellyknot Drywall, Inc. and Larry Elliot ("Defendants"), by their attorneys,

submit their Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

**PARAGRAPH NO. 1:**

This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*
("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), for
Defendants' failure to pay overtime wages to Plaintiff. Plaintiff worked in excess of forty (40)
hours in individual work weeks for Defendants but was not paid at a rate of one and a half times
his regular hourly rate of pay for all time he worked in excess of forty (40) hours per week.
Defendants' unlawful compensation practices have had the effect of denying Plaintiff his earned
and living wages. Plaintiff's consent form to act as a representative Plaintiff in this collective
action under the FLSA is attached hereto as Exhibit A.

**ANSWER:**

Defendants admit that Plaintiff purports to bring a claim for alleged unpaid overtime

compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the

Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"). Defendants also admit that

Plaintiff seeks to bring this lawsuit as a collective action under the FLSA and has submitted a

consent form to become a plaintiff in this matter as Exhibit A to his Complaint. Defendants are

without knowledge or information sufficient to form a belief as to the truth of the allegations as to whether Plaintiff worked in excess of forty (40) hours in any individual work week, because Plaintiff was not an employee, but was engaged by Defendant Kellyknot Drywall, Inc. as an independent contractor/subcontractor and, as such, Defendants did not control the manner and method in which Plaintiff completed the work, but instead Defendant Kellyknot compensated Plaintiff for the final product based on the size of the project. Defendants deny that Plaintiff was one of its employees and, therefore, deny that Defendants are liable to pay Plaintiff for overtime compensation under the FLSA or IMWL. Defendants deny the remaining allegations in Paragraph 1.

**THE PARTIES**

**PARAGRAPH NO. 2:**

Plaintiff currently resides in and is domiciled within this judicial district. At all material times hereto, Plaintiff was employed by Defendants within this judicial district. Defendants' principal place of business is in this judicial district.

**ANSWER:**

Defendants admit that its principal place of business is located in this judicial district. Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff currently resides within this judicial district. Defendants deny that Plaintiff was an employee of Defendants, but instead Plaintiff was engaged by Defendant Kellyknot Drywall, Inc. as an independent contractor/subcontractor. Defendants deny the remaining allegations of Paragraph 2.

**PARAGRAPH NO. 3:**

Plaintiff and similarly situated employees worked in various facets of drywall installation ranging from hanging to taping for Defendants. Defendants exercised control over Plaintiff and similarly situated employees by issuing job assignments, setting the price and payment plan for clients, and scheduling when the installation would take place. Defendants also provided Plaintiff and similarly situated employees with the sheets of drywall that would be installed.

2

During the course of their employment, Plaintiff and other similarly situated persons were fully employed by Defendants and did not perform work for other, or different employers.

**ANSWER:**

Defendants admit that Defendant Kellyknot Drywall, Inc. engaged Plaintiff and others, as independent contractors/subcontractors, to provide drywall installation services.  Defendants further admit that Defendant Kellyknot Drywall, Inc. engaged Plaintiff as an independent contractor/subcontractor to provide services at certain agreed upon payments for a number of construction projects, with the agreement that Defendant Kellyknot Drywall, Inc. would provide the materials of sheets of drywall for each project.  Defendants deny that it had any control over the manner and method of the work performed by Plaintiff and deny the remaining allegations in Paragraph 3.

**INTERROGATORY NO. 3 [sic]:**

At all relevant times herein, Plaintiff was employed by Defendants as an "employee" as that term is defined by Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1), and the IMWL, 820 ILCS 105/3(d).

**ANSWER:**

Defendants deny the allegations of Paragraph 3.

**PARAGRAPH NO. 4:**

At all relevant times herein, Defendants have been Plaintiff's "employer(s)" as that term is defined in the FLSA, 29 U.S.C. §203(d), and the Illinois Minimum Wage Law, 820 ILCS 105/3(c).

**ANSWER:**

Defendants deny the allegations in Paragraph 4.

**PARAGRAPH NO. 5:**

Defendant Kellyknot Drywall, Inc. is an Illinois corporation and is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A).

Document ID: 471559.1   4/1/2008 10:16:26 AM

**ANSWER:**

Defendants admit the allegations in Paragraph 5.

**PARAGRAPH NO. 6:**

Defendant Larry Elliot is involved in the day-to-day business operation of Defendant Kellyknot Drywall, Inc. Defendant Larry Elliot has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Defendant Larry Elliot is an "employer" as defined by the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

**ANSWER:**

Defendants admit the allegations in Paragraph 6, but deny that Plaintiff was an employee

of Defendants.

**PARAGRAPH NO. 7:**

Defendant Larry Elliot resides in this judicial district.

**ANSWER:**

Defendants admit the allegation in Paragraph 7.

**JURISDICTION AND VENUE**

**PARAGRAPH NO. 8:**

This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, rising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

**ANSWER:**

Defendants admit the allegations in Paragraph No. 8, except that it denies that it engaged

in any conduct with regard to Plaintiff in violation of the FLSA or IMWL.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**
**(Collective Action)**

**PARAGRAPH NO. 9:**

This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff for all time he worked over forty (40) hours in individual work weeks.

**ANSWER:**

Defendants admit that Plaintiff purports to bring a claim under the FLSA, but deny that

Defendants engaged in conduct in violation of the FLSA and deny the remaining allegations in

Paragraph 9.

**PARAGRAPH NO. 10:**

At all material times hereto, Plaintiff was employed by Defendants as "employee" within the meaning of §3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

**ANSWER:**

Defendants deny the allegations in Paragraph 10.

**PARAGRAPH NO. 11:**

At all material times hereto, Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:**

Defendants deny the allegations in Paragraph 11.

**PARAGRAPH NO. 12:**

During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

**ANSWER:**

Defendants deny the allegations in Paragraph 12 in that Plaintiff was engaged by

Defendant Kellyknot Drywall, Inc. as an independent contractor/subcontractor, and therefore,

Plaintiff was not an employee covered by the FLSA.

5

**PARAGRAPH NO. 13:**

During the course of his employment by Defendants, Plaintiff was directed by Defendants to work, and did work, in excess of forty (40) hours per week.

**ANSWER:**

Defendants deny the allegations in Paragraph 13.

**PARAGRAPH NO. 14:**

Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time he worked in excess of forty (40) hours in individual workweeks.

**ANSWER:**

Defendants deny the allegations in Paragraph 14.

**PARAGRAPH NO. 15:**

Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of forty (40) hours in individual workweeks.

**ANSWER:**

Defendants deny the allegations in Paragraph 15 in that Defendant Kellyknot Drywall,

Inc. compensated Plaintiff as an independent contractor/subcontractor.

**PARAGRAPH NO. 16:**

Other non-exempt employees employed by Defendants were directed by Defendants to work, and did work, in excess of forty (40) hours per week.

**ANSWER:**

Defendants deny the allegations in Paragraph 16.

**PARAGRAPH NO. 17:**

Defendants did not compensate other non-exempt employees at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

Document ID: 471559.1   4/1/2008 10:16:26 AM

**ANSWER:**

Defendants deny the allegations in Paragraph 17 in that Defendant Kellyknot Drywall, Inc. compensated other entities as independent contractors/subcontractors.

**PARAGRAPH NO. 18:**

Defendants' failure and refusal to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

**ANSWER:**

Defendants deny the allegations in Paragraph 18.

**PARAGRAPH NO. 19:**

Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for time he worked in excess of forty (40) hours per week.

**ANSWER:**

Defendants deny the allegations in Paragraph 19.

**COUNT II**
**Violation of the Illinois Minimum Wage Law - Overtime Wages**
**(Plaintiff individually only)**

**PARAGRAPH NO. 20:**

This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

**ANSWER:**

Defendants admit the allegations in Paragraph 20.

**PARAGRAPH NO. 21:**

The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law.  820 ILCS 105/4a.

Document ID: 471559.1   4/1/2008 10:16:26 AM

**ANSWER:**

Defendants admit that Plaintiff purports to bring a claim for alleged overtime compensation under the IMWL. Defendants deny that Plaintiff is entitled to any relief under the IMWL and deny the remaining allegations in Paragraph 21.

**PARAGRAPH NO. 22:**

At all relevant times herein, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

**ANSWER:**

Defendants deny the allegations in Paragraph 22 in that Plaintiff was engaged by Defendant Kellyknot Drywall, Inc. as an independent contractor/subcontractor and not as an employee.

**PARAGRAPH NO. 23:**

Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff is entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time he worked in excess of forty (40) hours in individual workweeks.

**ANSWER:**

Defendants deny the allegations in Paragraph 23.

**PARAGRAPH NO. 24:**

Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time he worked in excess of forty (40) hours per week.

**ANSWER:**

Defendants deny the allegations in Paragraph 24.

**PARAGRAPH NO. 25:**

Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

Document ID: 471559.1   4/1/2008 10:16:26 AM

**ANSWER:**

Defendants deny the allegations in Paragraph 25.

## AFFIRMATIVE DEFENSES

1.      Plaintiff was not an employee of Defendants and, therefore, is not covered by the FLSA or IMWL.

2.      Plaintiff fails to state a claim for liquidated damages in that, if Defendants violated the FLSA (which they specifically deny), such violations were made in good faith.

3.      Plaintiff fails to state a claim that Defendants willfully violated the FLSA.

4.      Plaintiff's claims are barred by the applicable statute of limitations, to the extent that he seeks damages beyond the two or three year limitations period under the FLSA and/or IMWL.

Dated:  April 1, 2008                    KELLYKNOT DRYWALL, INC. and
                                          LARRY ELLIOT

                                          By:    /s/Jennifer A. Naber
                                                 One of Their Attorneys

Jennifer A. Naber
Laner, Muchin, Dombrow, Becker,
  Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60610
(312) 467-9800
(312) 467-9479 (fax)
jnaber@lanermuchin.com

9

## CERTIFICATE OF SERVICE

I, Jennifer A. Naber, an attorney, hereby certify that on April 1, 2008, I caused the foregoing **Answer and Affirmative Defenses to Complaint**, in the above-captioned matter to be filed with the Clerk of the District Court and served on the party of record listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

> Douglas M. Werman
> Maureen A. Bantz
> Werman Law Office, P.C.
> 77 West Washington Street
> Suite 1402
> Chicago, IL  60602
> dwerman@flsalaw.com
> mbantz@flsalaw.com

/s/Jennifer A. Naber
Jennifer A. Naber

10